Iredell, Juflice.
Though I concur in the general refu/t of the opinions, which have been delivered, I cannot entirely adopt the reafons that are aligned upon the occafion. '
From the belt information to be collected, relative to the Conftitution of ConneSticut, it appears, that the Legiflature of that State has been in the uniform, uninterrupted, habit of exercifing a general fuperintending power over its courts of law, by granting new trials. It may, indeed, appear ftrange to fome of us, that in any form,, there íhould'exift a power to grant, with refpeeb tofuits depending or adjudged, new rights of trial, new privileges of proceeding, not previoufly recognized and regulated by pofitive inftitutions; but fuch is the 'eftabliihed ufage of Connecticut^ and it is obvioufly confiftent with the general fuperintending authority of her Legiflature Nor is it altogether without fome fanftion for a Legiflature to aft as a court of juftice.In England, we know, that one branch of the Parliament, the' houfe of Lords, not only exercifes a judicial power in cafes of impeachment, and for the trial of its own members, but as the court of dernier refort, takes cognizance of many fuits at law, and in equity: And that in conftruftion of law, the jurifdiftion there exercifed is by the King in full Parliament;, which ihews that, in its origin, the caufes were probably heard beforethe whole Parliament. When Connecticut Was fettled, the right of empowering her Legifla-tureto fuperintend the Courts of Juftice, was, I prefume, early affirmed ;and its expediency, as applied to the local circumftan-ces and municipal policy of the State, is fanftioned by along and uniform praftice. The power, however, is judicial in its nature; and whenever it is exercifed, as in the prefent inftance,. it is an exercife of judicial, not of legiflative, authority.
Bur, let us, for a moment, fuppofe, that the refolution, granting a new trial, was a legiflative aft, it will by no means follow, that it is an aft affefted byjthe conftitutional prohibition, that “ no State ihall pafs any ex p off facto law.” I will endeavour to ftate the general principles, which influence me, on this point, fuccinftly and clearly, though I have not had an opportunity to reduce my opinion to writing..
If, then, a government, compofed of Legiflative, Executive and Judicial departments, were eftabliihed, by a Confti-tution, which impofed no limits on the leg’ílátive power, the confequence would inevitably be, that whatever .the legiflative ■power choie toenaft, would be lawfully enafted, and the judicial power could never interpofe to pronounce it void. • It is true, that fome fpeculative jurifts have held,, that a legiflative' aft againft natural juftice muft, in itfelfj be voidbut I can-pr»t think that, under fuch a government, any Court of Juftice would poflefs a power to declare it fo. Sir William Blackflone, having put the ftropg cafe of an aft- of Parliament, which *399 authcfrife a man to try his own cáufe, explicitly adds, that even in that cafe, “ there is no court that has power to defeat the intent of the Legiflature, wh' n couched in fuch evident and exprefs words, as leave no doubt whether it was the intent of' the Legiflature, or no.” 1 Bl. Com. 91.
In order, therefore, to guard againft fo great an evil, it has been the policy of all the American ftates, which have, individually, framed their ftateconftitutions finee the revolution,and of the people of the United.States^ when they framed the Federal Conftitution, to define with précifion the objects of'the legifla-tive power, and to reftrain its exercife within marked and fettled boundaries. If any a<ft of Congrefs, or of the Legiflature: ®f a ftate, violates thofe conftitutionál provifions, it is unqueftion-ably void ; though, I admit, that as the authority to declare it void is. of a delicate and awful nature, the Court will never refort to that authority, but in a clear and urgent cafe. If, on the other hand, the Legiflature of' the Union, or the Legifla-ture of any member of the Union, íhall pafs a law, within the general fcope of their conftitutionál power, the Court cannot pronounce it tobe void,merelybecaufeit is, in.their judgment» contrary to the principles of natural juftice. The ideas of natural juftice are regulated by no fixed ftandard: the ableft and the pureft men have differed upon the fubjedt ; and all that íbó Court could properly fay, in fuch an event, would be, that the Legislature,'(poíTeffed.of an equal right of opinion,) had palled an adl which, in the opinion of the judges, was incon-flftent with the abftradl principles of natural juftice. There are then but two lights, in which .the fubjedt can be viewed : ift. If the Legiflature purfuethe authority delegated to them,-their adts are valid. 2d. If they tranfgrefs the boundaries of that authority, their adls are invalid. In the former cafe, they ex-ercife the diferetion veiled in them by the people, to whom alone they are refponfible for the faithful difeharge of their truft : b.ut in' the latter cafe, they violate a fundamental law, which niuft be our guide, ‘whenever ,vve are called upon as judges to determine the validity of a legiflative adh
Still, however, in the prefent inffance, the adt or refolution of the Legiflature of Connefiicut, cannot be regarded as an ex pojl fadto law; for, the true conftrudlion of the prohibition extends to criminal, not to civil, cafes. It is only in criminal 0⅛ • fes, indeed, in which the danger to be guarded againft, is greatly to be apprehended. The hiftory of every country in Europe will furniih flagrant inftances of tyranny exercifed under the pretext of penal difpenfations. Rival fadtions, in their efforts to crufh each other, have fuperfeded all the forms, and fup-prefled all the fentimer.ts, of juftice j while attainders, on the principle of retaliation and profeription, have marked all the *400 viciflitudes of party triumph. The temptation to fuch abufes of power is unfortunately too alluring for human virtue; and, therefore, the framers of 'the American Conftitutions have wifely denied to the refpedHvc.Legiilaturcs, Federal as well as State, the poffefUon'of the power itfelf: They (hall not pafs any ex poj? fatto law; or, in other words, they {hall not infiiít a pu-nifliment for any act, which was innocent at the time it was committed ; nor increafe the degree of puniihment previoufly denounced for any fpecific offence.
, The policy, the reafon and humanity, of the prohibition, do not, I repeat, extend to civil cafes, to cafes-that, merely affs<5fc the private property of citizens. Some of the. moil neceffary ■and important a£ts of Legifiation are, on the contrary, founded upon the principle, that private rights muff yield to public exigences. Highways are run through private, grounds. Fortifications, Light-houfes, and other public edifices, are necef-farilly fometimes built upon the foil owned by individuals. In fuch, and iimilar cafes, if the owners fiioulá refufe voluntarily to accommodate the public, they muff be conftrained, as far as the public neceifities require; and juftice is done, by allowing them a reafonable equivalent. Without the poffeifion of this power the operations of Government would often be obítructed, and fociety itfelf would be endangered., It is not fufficient to urre’e, that the power may be abiifcd, for; fuch is the nature of all power,—fuch is the téndeney of every human inffitutiou : and, if might as fairly be faid, that the power of taxation, which is only circumfcribed by the diferetion of the Body, in which it is veiled, ought not to be granted,- becaufa the Legifiature, difregarding its true objects, might, for vifiona-ry and ufe.Iefs projects, impofea tax tó the amount of nineteen {hillings in the pound. We mull be content td limit power where we can, and where we.cannot, confiftently with its ufe, v/e muff be .content torepofe a falutary confidence. It is our confutation that there never exiiled a’Govemment, in ancient or modern times, more free from danger in this refpedl, than the Governments of America.
Upon the whole, though there cannot he á cafe, in which an ex pojl fafio law in criminal matters is requisite, or juilifiable (for Providence never Can intend to promote the profperity o>f any country- by bad-means) yet; in the prefent inilance the objection doesnot arife : Becaufe, iff. if the a£t of the Uegilla-ture of Connecticut wasajüdicial acl, it is r.ot within the words of che-C-oniritu.rion ; and 2d. even if it w'as a legislative' ail, it is not within the meaning of the prohibition.
Cushing, JuJlice. The cafe appears to me tobe clear of all difficulty, taken either way. If the a£t is a judicial a£t, it is not touched by the Federal Coaílituticn: and, if it is a legif- *401 legiflative a£lj it is maintained and juftified by Ae ancient and Uniform pra&ice of the ft ate. of GohneEiicut.
Judgment affirmed.